# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

November 17, 2006

Lawrence J.T. McGivney
McGivney & Kluger, PC
80 Broad Street
23rd Fl.
New York, NY 10004
*Attorney for Plaintiff*

Robert P. Preuss
Office of the Attorney General
P.O. Box 112
25 Market St.
Trenton, NJ 08625-0112
*Attorney for Defendants*

> Re:   Robinson v. Univ. of Med. and Dentistry of New Jersey, et al.
>        <u>Civil Action No. 06-1158 (WJM)</u>

Dear Counsel:

This matter comes before the Court on Defendants' July 28, 2006 motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and for summary judgment pursuant to Fed. R. Civ. P. 56.

## I.      Background

Plaintiff filed the Complaint on March 10, 2006 claiming federal jurisdiction pursuant to violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. 12101 *et seq.* Her remaining claims arise under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* It is undisputed that Plaintiff neither filed a charge with the Equal Employment Opportunity

Commission ("EEOC") nor received a "right to sue" letter prior to commencing this action.  (Pl. Opp. Br. at 2-3.)

## II.      Standard for Dismissal Pursuant to Rule 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Moreover, when a document attached to the motion to dismiss, but not submitted with the complaint, is undisputed and authentic and the basis for the plaintiff's claims, a court may consider such a document.  *Pension Benefit*, 998 F.2d at 1196.  Likewise, a document attached by a defendant to a motion to dismiss is considered part of the pleading if it is referred to in the complaint and is central to the plaintiff's claims.  *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

## III.     Discussion

It is well established that "[p]laintiffs bringing employment discrimination charges under the ADA must comply with the procedural requirements set forth in Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-5."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Under Title VII, "[i]t is also established doctrine that a charge must be filed against a party with the EEOC before an action in the district court can be commenced."  *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 885 (3d Cir. 1977).  Furthermore, after filing a charge with the EEOC, a Plaintiff must receive a "right to sue" letter before filing with the district court.  *Ditzel v. Univ. of Med. and Dentistry of New Jersey*, 962 F.Supp. 595, 602 (D.N.J. 1997).

Because there is no dispute that Plaintiff failed to file an EEOC charge and obtain a right to sue letter, Plaintiff's ADA claims must be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies.  *See Phillips v. Sheraton Soc'y Hill*, 163 Fed.Appx. 93, 94 (3d Cir. 2005) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000)) (failure to exhaust administrative remedies in an ADA suit by not filing an EEOC charge before bringing suit is properly reviewed under Fed R. Civ. P. 12(b)(6) rather than 12(b)(1)).

The remaining claims are all predicated on violations of New Jersey law.  Having disposed of all the federal claims at this very early stage and seeing no prejudice to the parties, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *Stehney v. Perry*, 101 F.3d 925, 939 (3d Cir. 1996); *Brown v. Brown*, No. Civ. 03-1520(GEB), 2005 WL 1279181 at *6 (D.N.J. May 31, 2005).

**IV.     Conclusion**

In sum, because Plaintiff admits that she failed to file an EEOC charge and obtain a right to sue letter pursuant to her ADA claims, she failed to exhaust the necessary administrative remedies before filing suit with this Court and the Court declines to exercise supplemental jurisdiction over the remaining state court claims.  Therefore, Defendant's 12(b)(6) motion to dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:     The Hon. Ronald J. Hedges, U.S.M.J.